### ABNER MINTON *v.* L. W. BEARD.

**Conveyance of Real Estate—Judicial Knowledge.**
>   The court judicially knows that a named county is in the state of Kentucky and that a named town is the county seat.

**Inadequate Price.**
>   The mere inadequacy of price is not cause for setting aside a judicial sale of real estate, when conducted in good faith and there is no proof showing unfairness or irregularity; but when inadequacy is coupled with the fact that no description of the land was given in the advertisement of sale, to enable bidders to know what they were buying and whether they are buying free of liens or not, a sale will be set aside.

APPEAL FROM BUTLER CIRCUIT COURT.

March 14, 1876.

OPINION BY JUDGE PRYOR:

Although the petition is defective no demurrer was entered by the appellant, but an answer filed curing the defect by placing directly in issue the want of title. The case upon this issue was tried, and such a title exhibited by the appellee as enabled him by his deed to pass to the appellant a perfect title. The court judicially knows that the county of Washington is in this state, and that the county seat is Springfield. Therefore the presumption at once arises and is conclusive upon the facts of this record that the will of Walton was admitted to probate in this state. The will of Walton passes to the wife a fee simple estate in the land. The other objections to the title made by appellant are not available.

It seems to us, however, that the exceptions to the commissioner's report of sale should have been sustained. There is no description in the notice of sale of the land to be sold or the amount of the judgment to be made, and while these facts, disconnected from any other consideration, might not invalidate the sale, when taken in connection with the great inadequacy of price, the chancellor should have ordered a resale. The party had entered upon the land, having purchased it at the price of four hundred seventy-five dollars, and made improvements upon it, and had paid three hundred dollars of the purchase money; and his vendor in this proceeding becomes the purchaser and obtains a deed to the whole tract for one hundred dollars, leaving his vendee still indebted to him in the sum of seventy-five dollars. The chancellor will not disturb a sale for the mere inadequacy of price when it appears that the proceedings have been conducted in good faith; and there is an absence of proof in the record showing unfairness or any irregularity in the proceeding.

In this case it does not appear from the advertisement how much money is to be raised by the sale, nor is there any description given of the land so as to invite bidders, except by a reference to the deed filed in the record and tendered by the appellee. The party intending to purchase upon an inspection of this deed finds a lien retained for a part of the purchase money, and is likely not to know whether this lien will be superior to his rights if he purchases, and certainly cannot tell whether it is the same lien for which the land is to be sold without investigating the whole record. These facts, connected with the inadequacy of price, should be held sufficient to set aside the sale. The appellant is not entitled to a rescission of the contract and under the proof the judgment of sale was proper. For the reasons indicated the judgment confirming the report of sale is *reversed* and cause remanded with directions to cancel the deed to the appellee and order a resale of the property, and for further proceedings consistent with this opinion.

*B. L. D. Guffy, for appellant.  William Ward, for appellee.*